### STROUD, assignee, &c., *v.* LOCKART *et al.*

### *Mortgage.*

If the purchaser of property knows, at the time of his purchase, of the existence of a mortgage, which has not been recorded according to the act of assembly, the premises will be bound by the mortgage.(*a*)

*Scire facias* on a mortgage. The mortgage had not been recorded, conformable to the act of assembly; and Lockart had purchased the premises. But, on the trial, the plaintiff proved, that Lockart knew of the existence of the mortgage, at the time of his purchase, and said he would have to pay it, although it was not then recorded.

BY THE COURT.—The case is too plain for controversy. The plaintiff must have a verdict; and all the trouble of the jury will be to calculate the interest.

Verdict for the plaintiff.

### SEAGROVE *v.* REDMAN *et al.* (*b*)

### *Evidence.*

A book of original entries (some of which were made in the plaintiff's handwriting, and some in that of a clerk), relating to a mercantile transaction in a foreign country, produced and sworn to by the plaintiff, was admitted in evidence.

THE plaintiff resided in the Havana, and was the agent of the defendants in fitting out a privateer for them, during the war. On the trial of this cause, he produced, and swore to the authenticity of, his book of original entries (some of which were made in his own handwriting, and some in the handwriting of a clerk), to prove the disbursements for the privateer.

And THE COURT admitted the evidence, after opposition, upon the principle, that as it related to a mercantile transaction, which took place in a foreign country, a relaxation of the strict rules of the common law was reasonable, just and necessary.

---

(*a*) See, on this point, Levinz *v.* Will, 1 Dall. 430, and notes; Parker *v.* Wood, Id. 436.[1]
(*b*) s. c. 2 Yeates 254.

[1] And see Speer *v.* Evans, 47 Penn. St. 141. Actual notice is equivalent to constructive notice by recording. Id. 144; WOODWARD, C. J.